**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Angela Santaniello-Townsend, | No. CV-25-00583-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Healthcare Cost Containment System, et al., | |
| Defendants. | |

After this case was removed from Pima County Superior Court in October 2025 (Doc. 1), Plaintiff filed a Second Motion for Preliminary Injunction (Doc. 40), a Notice of Supplemental Evidence and Supplemental Declaration (Doc. 42), a Notice and Declaration in Support of the Motion for Preliminary Injunction (Docs. 43–44), and a Notice of Supporting Authority for the Second Amended Complaint (Doc. 49). Defendants Arizona Complete Health ("AzCH"), City of Tucson, Community Bridges, Inc. ("CBI"), Marana Healthcare, and Arizona Healthcare Cost Containment System ("AHCCCS") responded, and filed five motions to dismiss and separate replies. (Docs. 50–58, 79–84.) Plaintiff responded and replied. (Docs. 58, 62–66, 68–78.) Plaintiff also filed several supplemental exhibits to her Motion for Preliminary Injunction. (Docs. 85–90, 92.) Again, Defendants responded (Docs. 94–96, 98) and Plaintiff replied (Doc. 99).

Now, after fifty-some filings, Plaintiff asks this Court to hasten its decision on her Second Motion for Preliminary Injunction. (Doc. 100.) She claims, "compliance is required by April 25, 2026, or eviction paperwork will be filed" and that "[w]ithout Court

intervention, Plaintiff faces the imminent start of eviction proceedings." (*Id.* at 1.) Plaintiff's request for a preliminary injunction asks the Court to order that Defendants:

1. Provide Plaintiff with nondiscriminatory police protection and public safety services;
2. Cease all retaliation against Plaintiff for protected activity;
3. Produce all requested medical, behavioral health, crisis, SMI, and housing records;
4. Provide reasonable disability accommodations and engage in an interactive process;
5. Restore and protect Plaintiff's grievance and appeal rights; and
6. Refrain from initiating or pursuing involuntary psychiatric detention or evaluation absent lawful, non-retaliatory grounds.

(Doc. 40 at 4.) The Court will expedite its decision, deny the request for preliminary injunction, and grant the motions to dismiss.

## I.    PRELIMINARY INJUNCTION STANDARD

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public's interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The movant "has the burden of proof on each element of the test." *See Envt'l Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff sues AHCCCS, AzCH, Community Bridges, Marana Health, and the City of Tucson. She brings claims under 42 U.S.C. § 1983, Americans with Disabilities Act Title II, and Section 504 of the Rehabilitation Act. (Doc. 39.) Plaintiff claims she qualifies as seriously mentally ill ("SMI"). (*Id.* ¶ 6.) Plaintiff alleges that Defendants AHCCCS, AzCH, CBI, and Marana Health Center provide services for mentally ill individuals, maintain medical records, and handle corresponding grievances and appeals. (*Id.* at 1–3.) In addition, Defendant City of Tucson acts through Tucson Police Department ("TPD"), Housing and Community Development, and other entities for law enforcement, housing administration, and crisis coordination. (*Id.* at 3.)

Plaintiff claims that she repeatedly sought help from TPD for "stalking, harassment, domestic violence," assaults, and theft. (*Id.* at 4.) She claims TPD failed to meaningfully respond to her reports, denying her police protection. (*Id.*) She alleges she "requested medical, behavioral health, crisis, SMI, and housing records from AHCCCS, AzCH, CBI, MHC, and City of Tucson," which were necessary to secure housing, social security, and continued medical care, and to pursue grievances. (*Id.* ¶¶ 17–18.) Plaintiff alleges Defendants either did not provide the records or provided altered records. (*Id.* ¶ 19.) Plaintiff filed grievances related to the failure to provide records. (*Id.* ¶ 22.) Defendants retaliated against Plaintiff because of her grievances "by delaying services, obstructing appeal process, withholding records, and escalating adverse actions." (*Id.* ¶ 23.) Plaintiff claims CBI, City of Tucson, and Marana Health Care "initiated additional retaliatory petitions for inpatient psychiatric evaluation" without cause, resulting in a February 2024 involuntary psychiatric detention. (*Id.* at ¶ 26; *see also* Doc. 65 at 3.) Plaintiff claims "CBI again petitioned Plaintiff on or about March 5, 2024." (Doc. 65 at 3.)

Plaintiff claims the City of Tucson also "failed to provide Section 8 documentation, relocation notices, and housing records required for recertification and appeals." (Doc. 39 ¶ 28.) Because of the City's failure, Plaintiff believes she may lose her housing benefits. (*Id.* ¶ 29.)

Finally, Plaintiff claims that Defendants maintained her medical, mental health, and

disability records, unlawfully transmitted her records "through unsecured and inappropriate communication methods" and disclosed them to "law enforcement, housing entities, and other non-treating third parties without authorization or necessity." (*Id.* ¶¶ 34–35.) She claims the inappropriate disclosure was used to support her involuntary detention. (*Id.* ¶ 38.)[1]

After the Motion for Preliminary Injunction had been fully briefed, Plaintiff submitted a Supplement to Motion for Preliminary Injunction on February 16, 2026, allegedly notifying the Court of "material and time-sensitive changes"; addressing AHCCCS eligibility termination; noting SNAP/Lifeline disruptions; including Section 8 housing communications, disability documentation, accommodation requests, utility bills allocation notices, and grievance filings. (Docs. 85, 86–91.) The exhibits include an AHCCCS termination notice ending coverage effective January 31, 2026 for failure to verify income, DES and Lifeline records reflecting benefit interruptions, City of Tucson communications stating a fixed $203 utility allowance not adjusted for individual usage, property manager notices explaining common-area utility allocation and increased electricity after a chiller replacement, and Conserve bills reflecting rising monthly charges in 2025–2026. (*Id.*) Plaintiff later filed a Third Supplemental Notice on February 26, 2026, again asserting escalating harm tied to Medicaid coverage and disability status and repackaging prior arguments. (Doc. 92.)

## III.   STANDARD MOTION TO DISMISS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

---

[1] Plaintiff makes more specific allegations in her supplemental filings, however, for the motion to dismiss, the Court considers only the allegations properly considered in the Second Amended Complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); Fed. R. Civ. P. 8(a).

complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp.*, 550 U.S. at 555. Moreover, conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Hill v. Kernan*, No. 19-16759, 2021 WL 4870832, at *1 (9th Cir. Oct. 19, 2021).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681. In determining the sufficiency of the complaint, the court takes a plaintiff's factual allegations as true, and makes any reasonable inferences in favor of the nonmoving party. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. . . . [A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Brown*, No. CV-19000025-TUC-JGZ, 2019 WL 3838983, at *1 (D. Ariz. Aug. 15, 2019) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)); *see also Biltmore Assocs., LLC v. Twin City Fire Ins. Co*., 572 F.3d 663, 665 n.1 (9th Cir. 2009) ("A court may consider documents, such as the insurance policies, that are incorporated by reference into the complaint.").

## IV.    AHCCCS

Plaintiff's motion and supplements seek a preliminary injunction compelling "police protection and public safety services," the production of records, disability accommodations to aid communication with AHCCCS, and access to AHCCCS's grievance and review processes, as well preventing retaliation and any pursuit of future involuntary psychiatric detention. (Doc. 40 at 4; Doc. 77 at 2.)

In the Second Amended Complaint, the factual allegations against AHCCCS are

minimal. Plaintiff claims she "requested medical, behavioral health, crisis, SMI, and housing records from AHCCCS," (Doc. 39 ¶¶ 17, 33–35), that AHCCCS conceded Plaintiff's medical information had not been securely protected from disclosure, (*id.* ¶ 36), and that she requested accommodations to assist her with access to services (*id.* ¶ 21).

First, AHCCCS is not considered a person under § 1983 and has not consented to being sued. *Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1049 (D. Ariz. 2005) (finding AHCCCS is a state entity subject to Eleventh Amendment immunity). Moreover, Plaintiff has not sued any individual AHCCCS employees nor included individual actions. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (concluding the limitation on sovereign immunity stated in *Ex Parte Young*, 209 U.S. 123 (1908), only applies where a state official is sued for their individual conduct, not "when the state is the real, substantial party in interest") (citations omitted). Because Plaintiff's § 1983 claims for monetary, injunctive, and declaratory relief are against an arm of the state, as a matter of law, Plaintiff's § 1983 claims against AHCCCS fail in their entirety.

Second, Plaintiff's claims under the ADA and RA are not sufficiently plead and cannot withstand a 12(b)(6) motion. Plaintiff's Second Amended Complaint lacks allegations of specific AHCCCS conduct that violated the RA and ADA and caused Plaintiff injuries. Insofar as there are any facts alleged against AHCCCS, her conclusory statements do not provide enough information for AHCCCS to meaningfully respond, nor do the conclusory statements show how granting the preliminary injunction would prevent any harm. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013).

Third, because Plaintiff's assertions of harm at the hands of AHCCCS are advanced in generalized and conclusory terms, she has not shown a likelihood of irreparable injury attributable to AHCCCS. Issuing a preliminary injunction based on conclusory allegations is not in the public's interest and the balance of equities does not weigh in favor of an injunction. Therefore, a preliminary injunction is not appropriate.

## V.    CITY OF TUCSON

Plaintiff alleges on October 28, November 17 & 20, December 10 & 18, 2025, she

was denied services relating to housing assistance, food assistance, and documentation required for food-stamp eligibility were denied or withheld. (Doc. 43 ¶ 3; Doc. 39 ¶ 17.) "These denials involved actions by . . . City of Tucson" including "refusals or failures to provide support or documentation" to maintain her benefits. (Doc. 43 ¶ 3.) The City of Tucson "failed to provide Section 8 documentation, relocation notices, and housing records required for recertification and appeals." (Doc. 39 ¶ 28.) In addition, on December 18, 2025, City of Tucson employees discussed Plaintiff's confidential medical information during an Adult Recovery Team meeting. (Doc. 43 ¶ 18.) As a result of the disclosure and failure to provide records, Plaintiff claims she lost her housing benefits. (Doc. 39 ¶ 28.)

The City argues that Plaintiff's filings do not identify specific actions by the City that, if true, would entitle her to relief. (Doc. 83 at 1.) Moreover, the City claims Plaintiff has not pleaded a viable *Monell* claim. (*Id.*)

Upon dismissal of the First Amended Complaint, Plaintiff was warned that her Second Amended Complaint must contain:

> short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

(Doc. 38 at 3.) Plaintiff has no facts surrounding her request for records, nor has she explained how the City's discussion in the Adult Recovery Team meeting resulted in her losing her housing. Like the allegations against AHCCCS, those against the City are conclusory, and the Court is "not 'required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Doe v. City of Concord*, 22-15384, 2024 WL 62949, at *1 (9th Cir. Jan. 5, 2024) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001)). Because of this, Plaintiff has not shown that she will suffer irreparable harm absent a preliminary injunction, and it is not in the public's interest to grant one here.

In addition, Plaintiff asserts the City had an unconstitutional policy, but fails to elaborate. Under *Monell*, a governmental entity may be sued when an "official policy [is] the moving force of the constitutional violation . . ." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). This barren assertion cannot withstand a motion to dismiss.

## VI.    ARIZONA COMPLETE HEALTH

The facts alleged against AzCH in the Second Amended Complaint are equally lacking. Plaintiff claims only that she requested records from AzCH, and there was some sort of breach and her medical information was not secured. (Doc. 39 ¶ 17, 36.) The Court cannot discern how these events are related to any harm Plaintiff suffered. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## VII.    COMMUNITY BRIDGES, INC.

Plaintiff's Second Amended Complaint contains *no factual allegations* as to Defendant Community Bridges. While she has added allegations in response to Community Bridges' Motion to Dismiss, the Court will not consider facts presented outside of the Second Amended Complaint.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Again, conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## VIII.    MARANA HEALTHCARE

Likewise, there are *no* allegations against Marana Healthcare in the Second Amended Complaint, and the Court will dismiss these claims. This Court is not "required to parse the complaint searching for allegations . . . that could conceivably form the basis of each of [the complainant's] claims." *Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009).

## IX.    SUPPLEMENTARY FILINGS

First, the Court will not consider the supplementary filings for the Preliminary Injunction Motion because, when filed, the preliminary injunction motion was already fully

- 8 -

briefed. Second, Plaintiff's submissions operate as improper, renewed requests restating previous arguments and injecting materials outside the operative pleadings and proper evidentiary scope. Third, the supplements include conclusory factual and legal assertions and compilations of miscellaneous notices and correspondence that do not satisfy Plaintiff's heavy burden for extraordinary injunctive relief. Fourth, it is not incumbent upon the Court to parse through thousands of pages of documents to locate Plaintiff's claims— under Rule 8, Plaintiff must present "a *short* and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added); *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

In conclusion, Plaintiff has not viably pleaded her § 1983, RA, or ADA claims against any Defendant. Moreover, Plaintiff cannot sue AHCCCS under § 1983. Because Plaintiff has failed to state a claim against any Defendant, she has not demonstrated either that (1) there is a likelihood of success on the merits, (2) the balance of equities weighs in her favor, or (3) an injunction is in the public's best interest. Therefore, a preliminary injunction is unwarranted.

## X.    LEAVE TO AMEND

If the plaintiff "fails to state a claim on which relief may be granted," the district court must dismiss. 28 U.S.C. §1915(e)(2)(B)(ii). However, if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend the complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000), *overruled on other grounds by, Peralta v. Dillard,* 744 F.3d 1076 (9th Cir. 2000).

If Plaintiff files a Third Amended Complaint, Plaintiff must clearly designate on the face of the **court-approved form** that it is the "Third Amended Complaint." The Third Amended Complaint **must be retyped or rewritten in its entirety on the court approved form** and may not incorporate any part of the original, First Amended Complaint, or Third Amended Complaint by reference. In it, Plaintiff must write short, plain statements telling

the Court: (1) the right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff must repeat this process for each person Plaintiff names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegations against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants violated a constitutional right are not acceptable and will be dismissed.

IT IS ORDERED:

1)  Plaintiff's Second Motion for Preliminary Injunction is DENIED. (Doc. 40.)

2)  Defendant Arizona Complete Health's Motion to Dismiss is GRANTED. (Doc. 50.)

3)  Defendant City of Tucson's Motion to Dismiss is GRANTED. (Doc. 52.)

4)  Defendant Community Bridges, Inc.'s Motion to Dismiss is GRANTED. (Doc. 54.)

5)  Defendant Marana Health Care's Motion to Dismiss is GRANTED. (Doc. 56.)

6)  Defendant Arizona Healthcare Cost Containment System's Motion to Dismiss is GRANTED. (Doc. 57.) Plaintiff's § 1983 claims against AHCCCS are DISMISSED WITH PREJUDICE.

7)  Plaintiff has 30 days from the date this Order is filed to file a Third Amended Complaint in compliance with this Order. If Plaintiff fails to file a Third Amended Complaint within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot. Dated this 24th day of April, 2026.

Honorable Raner C. Collins
Senior United States District Judge